Filed 6/26/15  Muhammad v. Eden Housing Management CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JAMES KARIM MUHAMMAD,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>EDEN HOUSING MANAGEMENT, INC.,<br><br>     Defendant and Respondent. | A141997<br><br>(Contra Costa County<br>Super. Ct. No. C08-00943) |

Plaintiff James Karim Muhammad, acting in pro. per., sued the manager of his apartment complex, defendant Eden Housing Management, Inc. (Eden), and two of its employees in connection with an alleged assault by one of the employees.  Prior to an earlier bench trial, Eden had moved unsuccessfully for summary judgment, arguing it could not be held vicariously liable for the employee's assault.

We ultimately reversed the defense judgment resulting from the bench trial, concluding Muhammad was wrongfully denied the opportunity for a jury trial.  After remand, Eden moved for summary judgment again, raising largely the same legal argument but augmenting the evidentiary support for its motion with testimony given at the bench trial.  Muhammad filed a demurrer to the summary judgment motion, contending Eden's motion for summary judgment was barred as a result of the denial of its earlier motion.  The trial court overruled the demurrer and granted summary judgment, finding no triable issue with respect to the issue of vicarious liability.  We reverse, concluding Eden failed to demonstrate to the trial court that its second summary

judgment motion was based on new or different facts, as required by Code of Civil Procedure sections 437c, subdivision (f)(2), and 1008.

## I. BACKGROUND

In April 2008, Muhammad, representing himself, filed a complaint against the company that managed his apartment building, Eden, and two of its employees, Toni Cummings and May Louise Green-King. The complaint stated claims for negligent failure to supervise, battery, and elder abuse against Eden, Cummings, and Green-King, and for slander against the individual defendants. The complaint alleged that Cummings, while working for Eden, struck Muhammed. Cummings and Green-King were never served and are not parties to this appeal.

This is our third decision in this matter. In 2009, we affirmed the trial court's order vacating a $1 million default judgment against Eden. (*Muhammad v. Eden Housing Management, Inc.* (Aug. 27, 2009, A123321) [nonpub. opn.] (*Eden Housing I*).) In 2013, we reversed a judgment for Eden Housing entered after a bench trial and remanded for a jury trial on Muhammad's claims. (*Muhammad v. Eden Housing Management, Inc.* (June 24, 2013, A134508) [nonpub. opn.] (*Eden Housing II*).)

Prior to the bench trial that was the subject of our decision in *Eden Housing II*, Eden had moved unsuccessfully for summary judgment. The motion argued that although Cummings was an employee of Eden at the time she struck Muhammad, Eden could not be held vicariously liable for her conduct because she was acting outside the scope of her employment at the time of the incident. The motion was supported by excerpts from the depositions of Cummings, Green-King, and Muhammad, and a copy of the Eden employee handbook. At hearing on the motion, the trial court adopted its tentative ruling denying Eden's motion. As the court explained, "Cummings was [Eden's] Senior Property Supervisor. She had been called upon by the property manager for the senior apartment complex where Plaintiff lived for help in dealing with Plaintiff. . . . It is in the course of her dealings with Muhammad and his defiance about re-inspection of his unit that Cummings is alleged to have lost control and punched

2

Muhammad in the face. That Cummings would lose control out of frustration and hit Muhammad is a predictable risk incidental to [Eden's] enterprise. . . ."

Following remand after *Eden Housing II*, Eden moved for summary judgment a second time. The motion again argued Eden could not be held vicariously liable for Cummings's assault, adding that Muhammad's claims were barred by the doctrine of self-defense and he could not establish a breach of duty or causation in connection with his claim of negligent supervision. The motion was again supported by excerpts from the depositions of Cummings, Muhammad, and Green-King, and a copy of the Eden employee handbook, but Eden also submitted excerpts from the testimony of Muhammad and Cummings at the bench trial. An attorney's declaration stated: "The testimony adduced at the trial described numerous details of the incident giving rise to plaintiff's complaint and the interactions and motivations of the participants that was [*sic*] not previously obtained at the depositions of Plaintiff and Ms. Cummings."

Muhammad did not file a traditional opposition to the motion for summary judgment. Rather, in response to the motion he filed a demurrer, arguing the court "lack[ed] jurisdiction" to consider the summary judgment motion because "the issue of Summary Judgment . . . has previously been decided against the defendant . . . ; and the said issues are res judicata." The demurrer pointed out that the trial court had previously denied a motion for summary judgment and argued "the same motion had been filed in the same court between the same parties and is res judicata." With his demurrer, Muhammad filed a copy of Eden's memorandum of law in support of the earlier motion and the trial court's ruling. In a declaration filed subsequently, Muhammad cited the doctrine of law of the case to explain his position.

Eden's opposition to the demurrer pointed out that a demurrer was not a proper procedural remedy in the circumstances and argued res judicata was not an applicable doctrine. The opposition did not address the central contention of Muhammad's demurrer: that a second, nearly identical motion for summary judgment was improper. The trial court overruled the demurrer as not a "proper vehicle" to challenge a motion for summary judgment.

3

One week later, the trial court granted Eden's summary judgment motion. In doing so, the court noted that Muhammad's failure to file an opposing separate statement provided grounds for granting the motion under Code of Civil Procedure section 437c, subdivision (b)(3), but it elected not to grant the motion on that ground. Instead, the court found as a matter of law, on the evidence submitted, Eden "cannot be held liable vicariously for the alleged conduct of Toni Cummings . . . as that alleged conduct was not within the scope of her employment duties . . . ."

## II. DISCUSSION

Muhammad has appealed the trial court's grant of summary judgment, raising a series of procedural deficiencies.[1] He also contends the trial court erred in denying his motion for costs incurred in connection with the appeal in *Eden Housing II*.[2]

### A. *Summary Judgment*

Although Muhammad failed to cite the correct controlling statutes in objecting to Eden's filing of a renewed motion for summary judgment, the gist of his argument was sound. Code of Civil Procedure section 437c, subdivision (f)(2) (hereafter subdivision (f)(2)) states, in part, "a party may not move for summary judgment based on issues asserted in a prior motion for summary adjudication and denied by the court, unless that party establishes to the satisfaction of the court, newly discovered facts or circumstances or a change of law supporting the issues reasserted in the summary judgment motion." Subdivision (f)(2) was added in 1990, " 'to make the summary judgment process more efficient and to reduce the opportunities for abuses of the procedure.' " (*Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1098 (*Goel*).) In *Goel*, the

---

[1] Muhammad's notice of appeal was filed from the order granting summary judgment, rather than from an entered judgment. Because it disposes of all causes of action, we may construe the order granting summary judgment as a judgment for purposes of appeal. (See *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 700.)

[2] Muhammad also includes a challenge to the trial court's long-ago order vacating the default judgment against Eden. We do not address this argument on its merits, since our ruling on the issue in *Eden Housing I* is now the law of the case. (*People v. Boyer* (2006) 38 Cal.4th 412, 441–442.)

Supreme Court held that subdivision (f)(2) and Code of Civil Procedure section 1008 (hereafter section 1008), which governs motions for reconsideration, "say essentially the same thing:  A repeated motion or motion for reconsideration must be based on new facts or law." (*Goel*, at p. 1099.)

It has long been established that section 1008 "require[s] the moving party to ' "provide not only new evidence but also a satisfactory explanation for the failure to produce that evidence at an earlier time. . . . [T]he moving party's burden [in a section 1008 motion for reconsideration] is the same as that of a party seeking [a] new trial on the ground of 'newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial.' " ' " (*In re H.S.* (2010) 188 Cal.App.4th 103, 108, italics omitted (*H.S.*); *People v. Casualty National Surety Corp.* (2010) 186 Cal.App.4th 959, 974 ["To merit reconsideration, a party must also provide a satisfactory reason why it was unable to present its 'new' evidence at the original hearing."].)  "[F]acts of which the party seeking reconsideration was aware at the time of the original ruling are not 'new or different.' " (*In re Marriage of Herr* (2009) 174 Cal.App.4th 1463, 1468.)

We review a trial court's decision to hear a renewed motion for summary judgment for abuse of discretion.  (*Nieto v. Blue Shield of California Life & Health Ins. Co.* (2010) 181 Cal.App.4th 60, 72.)  In this case, the trial court made no findings under subdivision (f)(2) with respect to defendant's filing, but we conclude its decision to hear the motion on its merits necessarily constituted an abuse of discretion because Eden did not make the required showing of diligence.

Eden failed even to attempt to carry its burden under subdivision (f)(2) and section 1008.  As noted in *H.S.*, to make a renewed motion on the same grounds, Eden was required to show either a change in the law or new evidence that was (1) material to its argument and (2) could not have been obtained, with reasonable diligence, at the time of the earlier summary judgment motion.  (*H.S., supra*, 188 Cal.App.4th at p. 108.)  In the memorandum of law submitted with the summary judgment motion, Eden noted that a motion had been heard and denied prior to trial, but it did not acknowledge its burden

5

upon filing a renewed motion under subdivision (f)(2) and section 1008 or explain how that burden had been met.[3]

As to the first element, the existence of material new evidence, Eden's memorandum of law stated the second motion was "based in significant part upon new facts revealed by testimony of plaintiff and Toni Cummings that was adduced at the time of trial," but it neither identified those new facts nor explained how they justified a result different from the result in its first motion.

Even if Eden had demonstrated the motion was based on material new evidence, it made no attempt to demonstrate the diligence necessary to justify reconsideration. The purported "new" evidence came from testimony by Muhammad and Cummings. Both had been deposed by Eden before trial. Further, both were deposed on the topics on which they provided trial testimony, most notably the circumstances of the confrontation underlying Muhammad's lawsuit. Whatever new facts were revealed at trial with respect to these subjects, a diligent deposition examination presumably would have elicited them. In any event, Eden had the burden of demonstrating why, in the exercise of diligence, they could not have been so obtained. In an implicit recognition of its burden, Eden's attorney stated in a declaration that the trial testimony featured "numerous details of the incident giving rise to plaintiff's complaint and the interactions and motivations of the participants that was [*sic*] not previously obtained at the depositions of Plaintiff and Ms. Cummings." The attorney made no attempt, however, to demonstrate that those details could not, with diligence, have been elicited during deposition.[4]

---

[3] Eden's memorandum of law did not cite section 1008. While it did cite subdivision (f)(2), the citation was to a portion of the subdivision that is not relevant to this issue. Eden, in other words, never acknowledged its burden in making a renewed motion for summary judgment on the same issues.

[4] At oral argument, Eden's counsel contended that the new evidence submitted with the second summary judgment motion was Cummings's admission that she was aware she should not hit Muhammad and acted "impulsively" in doing so. Even assuming this evidence was new, there was no demonstration the same testimony could not have been elicited at deposition.

6

The demonstration of material new facts was particularly important here because different trial judges ruled on the two summary judgment motions. The general rule is "one trial judge may not reconsider or overrule a ruling of another judge." (*Curtin v. Koskey* (1991) 231 Cal.App.3d 873, 876.) "For one superior court judge, no matter how well intended, even if correct as a matter of law, to nullify a duly made, erroneous ruling of another superior court judge places the second judge in the role of a one-judge appellate court." (*In re Alberto* (2002) 102 Cal.App.4th 421, 427.) While a successor judge can reconsider a motion when the facts have changed or when the new judge has considered further evidence and law (*People v. Riva* (2003) 112 Cal.App.4th 981, 992–993), it is critical that the successor judge be made aware of the significance of those new facts to ensure he or she is not being asked merely to second-guess the first judge. Here, Eden's memorandum of law repeated the vicarious liability arguments made in its first motion without explaining how those arguments were affected by the purportedly new evidence.[5] Accordingly, the trial court's grant of summary judgment must be reversed.

Eden argues it was entitled to make a new motion for summary judgment because the case had been remanded after appeal. While a remand for new trial does reopen certain procedural matters, notably discovery (*Fairmont Ins. Co. v. Superior Court* (2000) 22 Cal.4th 245, 252–253), Eden cites no authority to support its position that subdivision (f)(2) and section 1008 do not apply following a remand. Nor is there any reason to conclude these provisions should be inapplicable. In the event reopened discovery reveals new and different facts after a remand, the summary judgment motion can be renewed, but there is no reason to permit a party, following remand, to file essentially the same motion in the hope of a different result.

---

[5] While Eden did add two new arguments to its motion, the requirements of subdivision (f)(2) apply to a renewed motion "based on issues asserted in a prior motion." Its requirements cannot be avoided merely by adding new arguments to the motion. In any event, the trial court's grant of the renewed motion was based entirely on Eden's vicarious liability argument, the argument raised and rejected in connection with its initial motion.

7

Eden cites *Goel* for the proposition that a trial court "possesses inherent power derived from the California Constitution to consider a second summary judgment motion notwithstanding statutory limitations" of subdivision (f)(2) and section 1008. In fact, while *Goel* holds that trial courts possess the inherent power to reconsider their prior decisions, it does not hold that they have the inherent power to ignore the requirements of subdivision (f)(2) and section 1008. On the contrary, *Goel* held that trial courts must deny renewed motions that do not comply with the "statutory limitations." As the *Goel* court's disposition concluded, "In this case, the individual defendants filed a new motion for summary judgment that did not satisfy the requirements of section 437c, subdivision (f)(2), which they were not permitted to do. The trial court erred in granting that motion." (*Goel, supra*, 35 Cal.4th at p. 1109.) Yet even if Eden were correct, only the trial judge who denied the first summary judgment motion had the constitutional authority to reconsider it. As explained above, the second trial judge was required to insist on compliance with subdivision (f)(2) precisely to ensure the court was not put in the position of reconsidering the earlier order.

Finally, Eden also argues it should have been permitted to file its renewed motion because it was precluded by circumstances from seeking reconsideration after the denial of its first summary judgment motion under section 1008. Assuming this to be true, it does not excuse the failure to comply with subdivision (f)(2). Unlike section 1008, subdivision (f)(2) places no time limits on the filing of a renewed summary judgment motion; it merely precludes refiling of the same motion. It was Eden's failure to satisfy (or even acknowledge) the preconditions to the filing of a renewed motion that precluded the trial court's consideration of its motion.[6]

---

[6] Because we reverse the grant of summary judgment on these grounds, it is unnecessary for us to address Muhammad's other procedural arguments regarding the motion. To the extent we have failed to address any argument made by Muhammad in his opening brief, that argument should be presumed to be rejected on its merits. Muhammad's request for judicial notice is denied as unnecessary.

It is also unnecessary for us to address the merits of the trial court's order granting summary judgment. We have difficulty, however, reconciling the court's summary

**B.** *Costs on Appeal*

As the prevailing party in *Eden Housing II*, Muhammad was entitled to recover his costs on appeal. He initially filed two motions for costs in this court. The first motion was denied without prejudice, and Muhammad was directed to seek costs in superior court, pursuant to California Rules of Court, rule 8.278(c). His amended motion resulted in essentially the same order from us. Remittitur issued in *Eden Housing II* on August 27, 2013.

On September 9, 2013, Muhammad filed a motion for an award of costs on appeal in the trial court. Although his motion enumerated the costs he sought, it was not verified, as required by rule 3.1700 of the California Rules of Court, as incorporated by rule 8.278(c)(1). Eden filed an extensive written opposition, arguing the motion was not verified and any further attempt to obtain costs would be untimely because, by the time the opposition was filed, the 40 days provided for filing a verified memorandum of costs had expired. The trial court denied the motion without prejudice, with an instruction to Muhammad to "follow[] the statutory procedure to obtain expenses."

Muhammad contends the trial court erroneously denied his motion for costs as untimely. While we have no transcript of the hearing on Muhammad's motion, and therefore cannot confirm the trial court's precise basis for denying the motion, we presume from the court's denial without prejudice that the court did not find the motion untimely. If the motion was untimely, the court presumably would have denied it with

---

judgment order with the clear direction of the Supreme Court in *Lisa M. v. Henry Mayo Newhall Memorial Hospital* (1995) 12 Cal.4th 291, 297, and *Farmers Ins. Group v. County of Santa Clara* (1995) 11 Cal.4th 992, 1004, that an employer is relieved of vicarious liability for an employee's on-the-job intentional tort only if the tort was unrelated to the employee's work. Because the alleged assault occurred after Toni Cummings, an Eden supervisor, came to Muhammad's building at the request of Mary Green-King, the property manager, to deal with Muhammad's refusal to cooperate with a building inspection, there would appear to be a triable issue of fact, best left to the jury, whether Cummings was acting within the scope of her employment at the time she allegedly struck Muhammad.

9

prejudice. Instead, the trial court appears to have anticipated that a proper filing by Muhammad would relate back to the time of filing of his motion.

We presume the trial court denied the motion because Muhammad failed to file a verified memorandum of costs, as required by California Rules of Court, rules 3.1700 and 8.278(c)(1). This was a correct ground for denial. To claim costs on appeal, a prevailing party need only file in the trial court a completed copy of Judicial Council form MC-013, "Memorandum of Costs on Appeal." Muhammad failed to do this.

## III. DISPOSITION

The judgment of the trial court is reversed. The matter is remanded for trial of Muhammad's claims. Muhammad shall recover costs on appeal.

_____

Margulies, Acting P. J.

We concur:

_____

Dondero, J.

_____

Banke, J.

A141997

11

*Muhammad v. Eden Housing Management, Inc.*