Filed 8/15/24  Marriage of Cody CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of PAMELA C. and CARL L. CODY. | D082168 |
| PAMELA C. CODY, Respondent, v. CARL L. CODY, Appellant. | (Super. Ct. No. D545659) |

APPEAL from an order of the Superior Court of San Diego County, Terrie E. Roberts, Judge.  Affirmed.

Carl L. Cody, in pro. per., for Appellant.

No appearance for Respondent.

Carl and Pamela Cody separated in 2013 after nearly 20 years of marriage.[1] In 2014, the court entered a judgment requiring Carl to pay $2,000 per month in spousal support.[2] Approximately seven years later, Carl filed a postjudgment request for order seeking to reduce or terminate spousal support. The trial court granted his request and ordered a step-down reduction in monthly support. Pamela then asked the court to reconsider its order under Code of Civil Procedure section 1008, citing new evidence related to Pamela's financial status and her contacts with prospective employers.[3] The court granted reconsideration and modified its prior order reducing spousal support.

Carl appeals, contending that Pamela's request for reconsideration was "time-barred" because she did not file her motion within 10 days of the challenged order. Additionally, he claims the court erred in granting the request because principles of res judicata precluded Pamela from challenging the order and she failed to present sufficient new facts or demonstrate due diligence. Because Carl has not made an adequate showing of error, we affirm.

---

[1] For clarity we refer to the parties by their first names, intending no disrespect.

[2] Carl did not include the judgment of dissolution as part of the record on appeal. He describes the terms of the judgment in his request for order.

[3] Undesignated statutory references are to the Code of Civil Procedure.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2022,[4] a little over seven years after the court issued the judgment setting spousal support, Carl filed a request for order seeking to reduce or terminate support payments. As the basis for his request, Carl claimed Pamela had obtained full-time employment and received sufficient income to support herself. Pamela filed a responsive declaration claiming she was unemployed and not yet self-supporting. She asserted that without continued spousal support she would become destitute.

The trial court conducted an evidentiary hearing, after which it entered Findings and Order After Hearing (FOAH) on July 29. It determined that Pamela failed to make good faith efforts to obtain employment, and this finding constituted a material change of circumstances warranting spousal support modification. It declined to modify spousal support at that time, however, finding that reducing support would cause Pamela hardship. The court reserved jurisdiction to modify spousal support and continued the hearing to evaluate Pamela's efforts at obtaining employment. The judge indicated she would consider a reduction in support at the subsequent review hearing.

The review hearing took place on August 24.[5] Pamela submitted declarations evidencing her employment contacts, as well as proof of part-time employment. She testified at the hearing and informed the court she had registered for a notary exam. The court issued a tentative decision granting Carl's request for a reduction in spousal support, and the record reflects the parties "submitted on the court's tentative decision."

---

[4] Undesignated date references are to 2022.

[5] Carl has not provided transcripts of the June or August hearings as part of the record on appeal.

The court entered its FOAH for the August hearing on September 26. The FOAH reflects that the court found Pamela failed to make good faith efforts to obtain employment, and that her testimony about being unable to obtain employment was not credible. Consequently, the court found a material change of circumstances warranting a reduction in spousal support due to Pamela's delay in becoming self-sufficient or refusal to seek employment. It again found, however, that terminating spousal support altogether would cause Pamela a hardship. Accordingly, the court ordered a step-down decrease of spousal support to $1,600, effective September 1, and to $1,200, effective March 1, 2023.

In apparent reliance on the court's tentative ruling reducing spousal support at the August hearing, Pamela filed a motion for reconsideration on September 22 (four days before the court filed its formal FOAH). In her motion and supporting declaration, Pamela asserted she had new evidence that was "not seen or heard" by the court at the August hearing regarding her employment contacts and financial status. She proffered that she provided the information to her lawyers but they failed to present the evidence to the court. The court set a hearing to address Pamela's reconsideration request.

On December 8, the court heard testimony and argument regarding Pamela's motion for reconsideration.[6] It characterized Pamela's argument in support of her motion as a contention that she did not previously have the opportunity to submit proof of her additional job contacts. The minute order from the hearing reflects the following findings by the court: "the court believes [Pamela] has submitted new evidence that was not available in June

---

[6] Carl has not provided a transcript of this hearing as part of the record on appeal.

4

or August 2022.  [¶]  The court's tentative is to grant [Pamela's] motion for reconsideration.  [¶]  The court inquires of [Pamela] as to why she agreed to the modification of the spousal support at the August hearing.  [¶]  The court because of the reasons given will grant the motion for reconsideration." The court then temporarily ordered Carl to resume the $2,000 monthly spousal support payments and continued the hearing to January 18, 2023, to issue its final order regarding spousal support.

At the January 18, 2023 hearing, the court's opening comments indicated that the purpose and scope of the hearing was to address the appropriate amount of spousal support.  The court stated it had previously granted Pamela's motion for reconsideration.  Carl disagreed with the court's characterization of the hearing, expressing the view that the court had only issued a tentative decision at the prior hearing in December.  He maintained that the purpose of the January hearing was to allow the court to consider additional argument regarding the reconsideration motion.

In response to Carl's proffers that the court had expressed an intent to receive additional argument by the parties at the January hearing, the court permitted the parties to argue their positions and received additional testimony from Pamela.  The court questioned Pamela regarding what new facts she was relying on in support of her motion, and why she had failed to promptly submit proof of the additional job contacts prior to the June and August hearings.  Pamela responded that she was "lost" and "confused" by the court's questions.

Through its comments, the court then summarized the proffers Pamela had made to the court regarding why she failed to present the additional evidence of her job contacts sooner.  It stated that "Pamela handwrote on here she couldn't print everything because she ran out of money.  I am not

going to—this is a court of equity. I am not going to let—if she ran out of money to not be able to print everything for her attorney to file it, I'm not going to let that hinder her ability to be heard." The court found the new evidence of Pamela's job contacts was "substantially different" than what it considered at the June and August hearings when it issued its order reducing spousal support.

Following the hearing, the court granted Pamela's motion for reconsideration in its FOAH filed on March 7, 2023. With respect to Pamela's request for reconsideration, the court issued the following findings and orders:

> "The court finds that the job contacts contained in Exhibit A submitted with [Pamela's] motion for reconsideration is more substantial than the job contacts she provided as Exhibit 1 at the June 14, 2022 evidentiary hearing, which the court admitted in evidence. The court is satisfied that [Pamela] has new evidence. [¶] . . . [¶]"

> "The court accepts [Pamela's] testimony that she provided the documents contained in her Exhibit A to her former attorney but was unable to afford to print her Exhibit A previously. As a court of equity, the court will not deny [Pamela] an opportunity to present her information to the court.

> "Based on [Pamela's] new evidence, specifically Exhibit A, the court grants [Pamela's] request for reconsideration of the court's orders made on June 14, 2022 and on August 24, 2022."[7]

---

7    The record includes a document titled "Exhibit A" dated August 16. In his briefing on appeal, Carl contends Pamela relied on this evidence in support of her motion for reconsideration. He argues that although she failed to properly serve Carl with this evidence at the August hearing, the court provided her with the opportunity to continue the hearing to serve the documents, but Pamela chose instead to submit on the court's tentative ruling. However, the record is not clear that this exhibit is the evidence the

6

In the March 2023 FOAH, the court again found a material change in circumstances justified a reduction of spousal support due to Pamela's unreasonable delay in becoming self-sufficient and seeking employment. It also found terminating spousal support could cause Pamela to lose her housing, which would result in hardship. The court ordered Carl to pay $2,000 per month in spousal support until March 1, 2023, after which spousal support was reduced to $1,600 per month.

## DISCUSSION

On appeal, Carl does not dispute the sufficiency of the evidence to support the trial court's modification of spousal support. Rather, he challenges the order granting Pamela's motion to reconsider the court's prior order imposing a step-down reduction in spousal support. He argues the court abused its discretion by granting Pamela's request for reconsideration for the following three reasons: (1) the reconsideration motion was untimely; (2) the principles of res judicata barred the reconsideration request; and (3) Pamela did not present sufficient evidence to justify reconsideration under section 1008, subdivision (a). We conclude Carl has not met his burden of demonstrating reversible error on appeal.

Section 1008, subdivision (a), permits any party affected by a court order to move the court to reconsider the matter and modify, amend, or revoke the prior order. An application for reconsideration under section 1008 must be made within 10 days after service of written notice of entry of the order. (§ 1008, subd. (a); *Advanced Building Maintenance v. State Comp. Ins.*

court relied on granting Pamela's reconsideration request, and without the relevant reporter's transcripts we are unable to parse through the court's findings in the multiple FOAHs to determine the specific evidence Pamela relied on in support of her motion.

*Fund* (1996) 49 Cal.App.4th 1388, 1392 [a motion filed over 10 days after service of notice of entry of the order is untimely].) The statute "requires that a motion for reconsideration be based on new or different facts, circumstances, or law. A party seeking reconsideration also must provide a satisfactory explanation for the failure to produce the evidence at an earlier time. [Citation.] A trial court's ruling on a motion for reconsideration is reviewed under the abuse of discretion standard." (*New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212.)

Here, as an initial matter, Carl contends Pamela's reconsideration motion is untimely because she filed it over 10 days after the July FOAH. We note, however, that the record does not reflect whether or when written notices of entry of the July or September FOAHs were served, and thus when the 10-day deadline was triggered. (See § 1008, subd. (a) [an application for reconsideration must be made "within 10 days after service upon the party of written notice of entry of the order"].) But regardless, we disagree with Carl's interpretation of the record and conclude the reconsideration motion was timely filed.

In June, the court conducted a hearing related to Carl's request for a reduction in spousal support. Following the hearing, it signed and filed its FOAH on July 29. Rather, it reserved jurisdiction to modify spousal support and set a review hearing. Then, at the August review hearing, the court ordered a step-down decrease in spousal support. This order was reflected in the FOAH that the court signed and filed on September 26.

Although Pamela's motion for reconsideration did not mention the date of the order it challenged, the substance of the motion was a request for the court to reconsider the order reducing spousal support. The September 26 FOAH was the only order in which the court reduced spousal support. The

8

written and signed FOAH determined the effective date of the order reducing spousal support, not the court's previous tentative decisions and related findings during the June and August hearings. (*In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1170 ["A trial court's oral ruling on a motion does not become effective until it is filed in writing with the clerk or entered in the minutes."].) Although Pamela's September 22 reconsideration motion may have been premature because it was filed four days before the September 26 FOAH was formally entered by the court, the court still proceeded on the merits of the request at the December 8 hearing. Thus, Pamela's motion for reconsideration was not filed over 10 days after the court signed and filed the September order reducing spousal support, and we conclude her motion was timely filed.[8]

Moreover, we find no merit to Carl's contention that res judicata precluded Pamela from moving the court to reconsider its order reducing spousal support. Section 1008, subdivision (a), expressly permitted Pamela to move the court for reconsideration, and the statute provided the court with jurisdiction to consider her request. Even absent this statutory authority, it is well-settled that "a decision on a motion is not res judicata, and the trial court has jurisdiction to reconsider a prior ruling or to entertain a renewal of a previous motion." (*Curtin v. Koskey* (1991) 231 Cal.App.3d 873, 876.)

This same principle provides at least one answer to Carl's remaining contention that Pamela presented insufficient "new" evidence to support the court's order granting her request for reconsideration. Even if this were true,

---

[8] Although the court's order granting Pamela's motion for reconsideration also pertained to the orders at the June hearing and related July FOAH, the court made no modifications to spousal support at the June hearing. Thus, the court's reconsideration of the orders at that hearing was of no consequence to the order reducing spousal support.

the trial court has the inherent power and jurisdiction to reconsider interim rulings if it becomes convinced they were erroneous. (See *Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1107.) Here, it seems clear the judge reviewed additional evidence regarding Pamela's job contacts and became convinced that its earlier order reducing support payments was in error.

Moreover, a central tenet of appellate review is that an order or judgment of the trial court is presumed to be correct, and all "presumptions are made to support the judgment [or order] on matters as to which the record is silent." (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.) The appellant bears the burden of demonstrating reversible error. (*Ibid*.) To meet this burden of demonstrating error, the appellant must provide this court with an adequate record on appeal. (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1 [failure to provide an accurate record on appeal "precludes an adequate review and results in affirmance of the trial court's determination"].) Here, Carl has failed to do so.

The record reflects that the court conducted a hearing on December 8 to address Pamela's reconsideration request, which was then continued to January 18. The minute order indicates the court received documentary evidence and testimony at the December 8 hearing. Carl has not provided a reporter's transcript of this hearing, so we have no way of knowing what testimony was offered. (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [appellant who supplies no reporter's transcript is precluded from contesting the sufficiency of the evidence to support the trial court's decision].) It is also unclear whether the record on appeal includes all the documentary evidence the court received and relied on. Although Carl has provided the reporter's transcript of the January 18 hearing, this did not account for the entirety of the evidence the court considered in issuing its decision. We are thus unable

to fairly evaluate Carl's claim that the court abused its discretion, and we conclude he has not met his burden of demonstrating reversible error.  (See *In re Marriage of Utigard* (1981) 126 Cal.App.3d 133, 145.)

## DISPOSITION

The order is affirmed.


DATO, Acting P. J.

WE CONCUR:


BUCHANAN, J.


KELETY, J.