[No. A023847. First Dist., Div. Three. Jan. 20, 1984.]

MICRO/VEST CORPORATION et al., Petitioners, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
COMPUTERLAND CORPORATION et al., Real Parties in Interest.

1086

COUNSEL

Harold C. Nachtrieb, Nachtrieb & Streitz, Neil E. Falconer, Dov M. Grunschlag, Robert T. Fries and Steinhart & Falconer for Petitioners.

No appearance for Respondent.

Williams & Connolly, Irving Younger, Steven M. Umin, Bruce R. Genderson, Rogers, Joseph, O'Donnell & Quinn, Martin Quinn and Margot Wenger for Real Parties in Interest.

OPINION

**SCOTT, J.**—This petition challenges a ruling by one superior court judge that another judge of the same court was disqualified under Code of Civil Procedure section 170.6[1] and that his partial summary judgment ruling was void. We conclude that the second judge had no authority to review the first judge's ruling on the section 170.6 challenge and that the first judge's ruling should be reinstated. We issue peremptory writ of mandate.

The underlying lawsuit concerns a convertible promissory note assigned by Mariner Corp. to petitioner, Micro/Vest, a California corporation. Under authority of the note, Micro/Vest sought to exercise an option to obtain a 20 percent stock ownership in corporate entities owned by real parties in interest. Real parties asserted that the note was not assignable and refused to honor the option. Micro/Vest sued for specific performance of the option agreement.

On November 23, 1981, Micro/Vest moved for partial summary judgment seeking, inter alia, a declaration that the note was on its face assignable and that no oral agreement was made that it would not be assigned. The first hearing on the motion took place December 31, 1981, before Judge Robert Kroninger, who had been assigned for "all purposes prior to trial" by an order filed June 18, 1981. At the hearing, Judge Kroninger discussed with counsel the merits of the motion, suggested defects in real parties' declarations in opposition to the motion, and permitted a continuance to take further discovery. At the next hearing, January 22, 1982, the matter was continued again to permit further discovery and new declarations.

Before the third hearing, real parties informally requested Judge Kroninger withdraw from the case. The request was based upon real parties'

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

discovery that Judge Kroninger and the attorney for Micro/Vest (a partial owner of the note) were both members of the Bohemian Club and had been personal friends for many years. During a hearing held April 30, 1982, Judge Kroninger reacted to the request, emphasizing that over a thousand lawyers belonged to the various clubs of which he was a member and finding the suggestion that he withdraw from all their cases to be "ludicrous at best." Judge Kroninger denied the request and suggested that if the informal approach were just a means of judge-shopping without using real parties' peremptory challenge, it was a "pretty shabby act."

Next, real parties filed a challenge for cause against Judge Kroninger (§ 170, subd. (a)(5)), based upon his relationship with the Micro/Vest attorney, his hostility toward real parties at the April 30, 1982, hearing, and his failure to disclose at the outset his relationship with the attorney. The challenge was heard by Judge Gary Strankman of the Contra Costa County Superior Court and was denied June 11, 1982. Petition for writ of prohibition and/or mandate challenging Judge Strankman's ruling was denied by this division June 14, 1982, and on June 28, 1982, the California Supreme Court denied hearing.

While the challenge to Judge Kroninger was pending before Judge Strankman and while petition for hearing was pending in the Supreme Court, proceedings on the motion for partial summary judgment were suspended. At the next hearing, June 28, 1982, real parties presented a peremptory challenge to Judge Kroninger (§ 170.6). He rejected the challenge as untimely. The next day, he ruled on the motion for partial summary judgment, finding, inter alia, that the note was assignable and that no contrary agreement had been made.

Real parties challenged the partial summary judgment ruling by a writ petition filed in this division. They did not raise the question of whether Judge Kroninger had jurisdiction to rule on the motion in light of the section 170.6 challenge and did not separately petition to reverse Judge Kroninger's ruling that the section 170.6 challenge was untimely. This court denied the petition on October 5, 1982.

In the meantime, real parties filed another challenge under section 170.6, not asking Judge Kroninger to reconsider his timeliness ruling, but only seeking to prevent him from hearing any further matters in the lawsuit. Without ruling that the second challenge was properly made, Judge Kroninger recused himself.

During the next few months, a dispute arose over interpretation of Judge Kroninger's partial summary judgment ruling. On April 8, 1983, Micro/

Vest asked Judge Donald McCullum, the Presiding Judge, either to supervise the case himself or specially assign it to a department of the court. Judge McCullum apparently accepted the assignment himself. On May 16, 1983, real parties noticed a motion to vacate Judge Kroninger's partial summary judgment ruling or in the alternative to define the scope of the remaining issues. The memorandum in support of the motion argued, inter alia, that Judge Kroninger had erred in ruling the section 170.6 challenge untimely. At the hearing, Judge McCullum reached only the question of whether the section 170.6 challenge was timely. He ruled that it was and therefore that the partial summary judgment ruling was void. Petitioners' motion for reconsideration was denied, and this petition followed.

The briefs by the parties dwell upon the authority of a court to reconsider a partial summary judgment ruling and upon the timeliness of the section 170.6 challenge to Judge Kroninger. ▆▆▆ They give scant attention to the question of whether one superior court judge can review another's rejection of a section 170.6 challenge. We find this issue dispositive and do not reach the two issues emphasized by the briefing.[2]

▆▆ Under the current version of section 170, a judge challenged for cause may not rule on threshold questions such as timeliness or sufficiency of the statement of prejudice. (*Penthouse International, Ltd.* v. *Superior Court* (1982) 137 Cal.App.3d 975 [187 Cal.Rptr. 535].) No such restriction applies to a judge challenged pursuant to section 170.6. While that section is not explicit, it can be read to advise that unless assigned from the master calendar, the challenge should be made to the assigned judge.[3] It is settled that the challenged judge may rule on the timeliness of a peremptory challenge. (See *Andrews* v. *Joint Clerks etc. Committee* (1966) 239 Cal.App.2d 285, 294 [48 Cal.Rptr. 646]; *Lewis* v. *Linn* (1962) 209 Cal.App.2d 394, 399-400 [26 Cal.Rptr. 6].)

▆▆ Real parties in interest cite no authority for the proposition that more than one trial-level judge may rule on the same section 170.6 challenge. When pressed at oral argument to defend a ruling which could play havoc with trial court procedures, the most they could say was that the facts of this case were unique because Judge Kroninger had removed himself

---

[2]At oral argument we alerted the parties to our concerns and asked for citation of authorities pertinent to the question. None were provided, the parties conceding that we write on a clean slate on this particular issue.

[3]Section 170.6 provides in part: "Where the judge . . . is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. *If* directed to the trial of a cause where there is a master calendar, *the motion shall be made to the judge supervising the master calendar* not later than the time the cause is assigned for trial. . . . If the motion is directed to a hearing (other than the trial of a cause), the motion must be made not later than the commencement of the hearing." (Italics added.)

from the case in response to the renewed section 170.6 challenge. They suggested that Judge McCullum's intervention was required because there was no other judge available to reconsider Judge Kroninger's ruling.

*Muller* v. *Tanner* (1969) 2 Cal.App.3d 445 [82 Cal.Rptr. 738], cited by petitioners both here and in the trial court, provides a complete answer to this suggestion. ██ There, the court explained that a motion to vacate an order should be heard by the judge who made the order whenever possible and that a party could not "defeat this policy by filing a motion to disqualify pursuant to the provisions of section 170.6 of the Code of Civil Procedure." (*Id.*, at p. 462.) ██ Thus, Judge Kroninger's subsequent recusal did not disqualify him from reconsidering his ruling on the first challenge. If real parties were dissatisfied with Judge Kroninger's ruling on the timeliness question, it was incumbent upon them to ask Judge Kroninger to reconsider his ruling or to challenge the ruling in an appellate court. They could not gain the right to take the question to a second trial-level judge merely by renewing the section 170.6 challenge against Judge Kroninger.

Real parties also argue that rehearing by Judge McCullum was justified because of confusion in the trial court about the meaning of Judge Kroninger's order. Assuming, but not deciding, that such confusion existed and that intervention by Judge McCullum to clarify the ruling would have been proper,[4] that confusion could not justify review by Judge McCullum of the section 170.6 ruling, *about which there could have been no confusion.*

We conclude therefore that Judge McCullum exceeded his jurisdiction in reconsidering Judge Kroninger's ruling on the section 170.6 challenge. His order must be annulled.

Let a peremptory writ of mandate issue directing the Alameda County Superior Court to vacate its order of June 21, 1983, insofar as it declares the first section 170.6 challenge against Judge Kroninger to be timely and nullifies Judge Kroninger's ruling on the motion for partial summary judgment.

White, P. J., and Barry-Deal, J., concurred.

The petition of real parties in interest for a hearing by the Supreme Court was denied March 22, 1985.

---

[4] We note that decisions examining a trial court's inherent authority to reconsider a ruling have been found to be "largely unreconcilable" and that the Supreme Court has declined to reconcile its rulings. (See *People* v. *Krivda* (1971) 5 Cal.3d 357, 363, fn. 2 [96 Cal.Rptr. 62, 486 P.2d 1262], overruled on other grounds in *People* v. *Kaanehe* (1977) 19 Cal.3d 1, 10-11, fn. 6 [136 Cal.Rptr. 409, 559 P.2d 1028].)