[No. A047762. First Dist., Div. One. June 26, 1991.]

TIM CURTIN et al., Plaintiffs and Appellants, v.
PATRICIA KOSKEY et al., Defendants and Respondents.

## Counsel

Arthur J. Pollock for Plaintiffs and Appellants.

Marshall & Moore, John Douglas Moore and Ernest E. Emmons for Defendants and Respondents.

## Opinion

**DOSSEE, J.**—This is an appeal from a judgment of dismissal entered upon plaintiffs' failure to bring the action to trial within three years. On appeal, plaintiffs argue that the trial court erred in granting the motion to dismiss when another judge had previously granted plaintiffs' motion to advance and had set the case for trial. We agree and reverse.

### Facts

In October 1983, plaintiffs Tim and Darlene Curtin purchased a used mobilehome from defendants Thomas and Patricia Koskey for $49,969. They soon discovered various defects in the mobilehome and on September 21, 1984, brought suit against the Koskeys and others (the Koskeys' real estate agent and the manager of the mobilehome park) for breach of contract and fraud.[1]

---

[1]Thomas Koskey died before being served. Plaintiffs eventually dismissed the action against the mobilehome park. Defendant Patricia Koskey cross-complained against the contractor who had constructed an addition to the home. The real estate agent also cross-complained against the contractor as well as the original builder.

Plaintiffs were represented in the action by an attorney, Kenneth Kaplan. Mr. Kaplan advised plaintiffs to stop paying rent at the mobilehome park, and plaintiffs followed that advice. In 1984, the mobilehome park owner, Carlsberg Mobile Home Properties, Ltd., brought an unlawful detainer action, which was eventually resolved by a stipulated judgment against the Curtins for $4,800. Some time thereafter, before June 1985, the mobilehome was sold at a sheriff's sale to satisfy the judgment.

In August 1985, a voluntary settlement conference was held in the present lawsuit, to no avail. Over a year later, in September 1986, plaintiffs' attorney, Kenneth Kaplan, left private practice to become corporate counsel. In April 1987, he moved to withdraw as attorney of record. The trial court granted that request.

For over two years, no further action was taken. Finally, on June 6, 1989, a new attorney, Arthur J. Pollock, filed an at-issue memorandum and moved to waive the prearbitration and trial setting conference on the ground that the five-year statute was about to expire. Defendants opposed the motion on the ground, inter alia, that plaintiffs had abandoned the action. The trial court, in the person of Judge Knight, granted plaintiffs' motion and set a trial date of September 11, 1989.

On the same day the trial court ruled on plaintiffs' motion, defendants filed a motion to dismiss for failure to prosecute. In opposition to the motion, plaintiffs and their attorney, Mr. Pollock, submitted declarations explaining the three-year period of inactivity. Plaintiffs declared they had considerable difficulty obtaining a new attorney after Mr. Kaplan left. In part, the difficulty was financial. Plaintiffs had paid $10,000 to Mr. Kaplan and had lost their life savings in the foreclosure of their mobilehome. They had no other funds for legal counsel. They consulted Mr. Pollock in July 1988, and he immediately filed a legal malpractice action against Mr. Kaplan as a protective measure.[2] But Mr. Pollock was unable to accept the mobilehome case until April 1989. He acted quickly to bring the case to trial within the mandatory five-year period. Plaintiffs pointed out that all discovery had been completed by Mr. Kaplan.

In reply, defendant Robert Croxson (the real estate agent) declared he had been prejudiced by plaintiffs' delay in that he filed for bankruptcy in November 1987 and neglected to include plaintiffs' claim on his bankruptcy schedules. Furthermore, believing the action had been abandoned, he had never served the cross-defendants, and the three-year deadline had passed.

---

[2]Plaintiffs assert that Mr. Kaplan should have pled a cause of action for rescission, should not have advised plaintiffs to stop paying rent and should have advised plaintiff to seek a homestead exemption.

And he did not sue his insurance carrier, who had denied coverage in January 1985.

The trial court, this time in the person of Judge Schwartz, granted the motions to dismiss and vacated the trial date. Judge Schwartz noted: "While the court recognizes that [plaintiffs'] current counsel has done everything within his power to move this case expeditiously toward trial, it cannot ignore the fact that prior to retention of their present counsel [plaintiffs] allowed the case to lie dormant for over 3 years." Judgment was entered in favor of defendants. Plaintiffs appeal.

DISCUSSION

### I. *Mootness*

At the outset, defendants argue that this case is moot because plaintiffs no longer own the mobilehome. Defendants contend that because plaintiffs in their complaint seek only economic damages for the costs of repair, there is no longer any basis for recovery.

This argument is unsound. Plaintiffs seek damages under the theories of fraud and breach of contract. Plaintiffs would be entitled to either the benefit of their bargain (Civ. Code, § 3300) or their out-of-pocket losses (Civ. Code, § 3343). Plaintiffs' recovery does not depend upon plaintiffs' present ownership of the mobilehome.

### II. *Inconsistence with Prior Rulings*

As noted, in July 1989 Judge Knight granted plaintiffs' request for preferential trial setting and set the case for trial on September 11, 1989. Six weeks after that ruling, Judge Schwartz granted defendants' motion to dismiss and vacated the trial date. The question presented here is whether Judge Schwartz was empowered to issue that contrary ruling.

This issue requires reconciliation of two established rules. On the one hand, a decision on a motion is not res judicata, and the trial court has jurisdiction to reconsider a prior ruling or to entertain a renewal of a previous motion. (Code Civ. Proc., § 1008; *Harth v. Ten Eyck* (1941) 16 Cal.2d 829, 832-834 [108 P.2d 675]; *Greenberg v. Superior Court* (1982) 131 Cal.App.3d 441, 445 [182 Cal.Rptr. 466]; *Hennigan v. United Pacific Ins. Co.* (1975) 53 Cal.App.3d 1, 6-7 [125 Cal.Rptr. 408]; see 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 34, p. 349.) On the other hand, one trial court judge may not reconsider and overrule a ruling of another judge. (*Wyoming Pacific Oil Co. v. Preston* (1958) 50 Cal.2d 736,

739 [329 P.2d 489]; *Greene* v. *State Farm Fire & Casualty Co.* (1990) 224 Cal.App.3d 1583, 1588-1589 [274 Cal.Rptr. 736]; *Ziller Electronics Lab GmbH* v. *Superior Court* (1988) 206 Cal.App.3d 1222, 1232 [254 Cal.Rptr. 410].)

In *Wyoming Pacific Oil Co.* v. *Preston, supra,* 50 Cal.2d 736, the Supreme Court reversed the order of the second trial judge dismissing the action for failure to serve the summons within three years, where the first judge had found, upon a request for service by publication, that the defendant was concealing himself to avoid service of process and where that finding necessarily precluded dismissal. Similarly, in *Greene* v. *State Farm Fire & Casualty Co., supra,* 224 Cal.App.3d 1583, this court reversed the order of the second trial judge dismissing the action for failure to bring the case to trial within five years, where the first trial judge had extended the five-year deadline, finding it impracticable, futile or impossible to bring the case to trial. We reasoned that the defendants' motion to dismiss was, in effect, a request to the second judge to focus on the particular facts and to rethink the first judge's order extending the deadline. We held that the second judge erred in granting that request. (224 Cal.App.3d at p. 1589.)

These conflicting principles were reconciled in *Ziller Electronics Lab GmbH* v. *Superior Court, supra,* 206 Cal.App.3d 1222, 1232, where the court concluded that upon a renewed motion or motion for reconsideration, the second judge must direct the moving party to the first judge. Only if the first judge is unavailable may the second judge hear the reconsideration motion. (See also *Micro/Vest Corp.* v. *Superior Court* (1984) 150 Cal.App.3d 1085, 1090 [198 Cal.Rptr. 404].)

In the present case, the record is silent as to the reasons for Judge Knight's decision to grant plaintiffs a preferential trial date. We recognize the possibility that Judge Knight may have set the early trial date simply to protect plaintiffs from the expiration of the five-year dismissal period (Code Civ. Proc., § 583.310), contemplating that the issue of plaintiffs' diligence in prosecuting their action would be decided later in a motion to dismiss.

On the other hand, we note that the considerations in a motion for preferential trial setting are the same as the considerations in a motion to dismiss. Both are addressed to the discretion of the trial court; both are governed by the factors set forth in rule 373(e) of the California Rules of Court. (*Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 561 [194 Cal.Rptr. 773, 669 P.2d 9]; accord, *Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342, 346 [228 Cal.Rptr. 504, 721 P.2d 590]; *Cordova* v. *Vons Grocery Co.* (1987) 196 Cal.App.3d 1526, 1533 [242 Cal.Rptr. 605].) Because the considerations are the same, the Supreme Court has held that

upon a motion for preferential trial setting, the trial court may not only deny that motion, but may also dismiss the action sua sponte. (*Wilson* v. *Sunshine Meat & Liquor Co., supra,* 34 Cal.3d at pp. 560-561.) Defendants in the present case raised the issue of plaintiffs' diligence in their opposition to plaintiffs' request for preferential trial setting. It is equally possible, then, that Judge Knight rejected those arguments and decided sub silentio not to dismiss the action sua sponte.

Because we cannot discern the basis for Judge Knight's ruling, we are compelled to remand for further proceedings.[3] If in fact Judge Knight found that plaintiffs had acted with diligence, then, as in *Greene,* defendants' motion to dismiss was a request to Judge Schwartz to reconsider the order by Judge Knight. Although there is unquestionable authority for such a request for reconsideration (Code Civ. Proc., § 1008), we conclude that, as in *Ziller,* that request should have been addressed to Judge Knight.

The judgment of dismissal is reversed, and the matter is remanded for a referral of defendants' motion to dismiss to Judge Knight. Costs of appeal are awarded to appellants.

Newsom, Acting P. J., and Stein, J., concurred.

---

[3]Because we have concluded the matter must be remanded for further consideration, we need not decide whether plaintiffs' delay was excusable and Judge Schwartz abused his discretion in granting the motion to dismiss.