Filed 8/15/23

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| ELVIRA DESIDERIA TORRES,<br><br>   Petitioner,<br><br> v.<br><br>THE SUPERIOR COURT OF SAN JOAQUIN COUNTY,<br><br>   Respondent;<br><br>THE PEOPLE,<br><br>   Real Party in Interest. | C097144<br><br>(Super. Ct. No. STK-CR-FE-2010-0004760) |

ORIGINAL PROCEEDING in mandate. Petition denied. George Abdallah, Jr., Judge, and Lauren P. Thomasson, Judge.

Miriam T. Lyell, Public Defender, Michael G. Bullard, Chief Deputy Public Defender, Nelson C. Lu, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill, Supervising Deputy Attorney General, Jeffrey D. Firestone, Deputy Attorney General, for Real Party in Interest.

After this court reversed on direct appeal the trial court's summary denial of her request for resentencing pursuant to Penal Code section 1172.6,[1] petitioner Elvira Desideria Torres sought on remand to peremptorily challenge (Code Civ. Proc., § 170.6) the judge who had originally denied her request for resentencing, when he was again assigned to hear the request.

Petitioner's challenge was essentially denied as untimely, as we explain in detail *post*, and she asked this court for a writ of mandate or prohibition.

Generally, Code of Civil Procedure section 170.6 may not be deployed to peremptorily challenge a trial judge absent adherence to strict time limits. (See *id*., subd. (a)(2).) As relevant here, an exception to these limitations arises "following reversal on appeal of a trial court's decision . . . if the trial judge in the prior proceeding is assigned to conduct a *new trial* on the matter." (*Ibid*., italics added.) Petitioner argues "the upcoming section 1172.6 proceeding — after an appellate reversal — qualifies as a 'new trial,' " as required to exercise an otherwise untimely peremptory challenge.

---

[1] Further undesignated statutory references are to the Penal Code.

Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) We will refer to the statute as section 1172.6.

As we will explain, remand for further resentencing proceedings held pursuant to section 1172.6 does not constitute remand for a "new trial" as contemplated by Code of Civil Procedure section 170.6, subdivision (a)(2); thus, petitioner's challenge to the trial judge pursuant to that section was properly denied as untimely.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

An indictment filed in 2010 charged petitioner and a codefendant with, among other things, murder and robbery and alleged various enhancement allegations. On February 2, 2011, petitioner entered a negotiated plea pursuant to which she agreed to plead guilty to voluntary manslaughter and second degree robbery and admitted using a firearm in the commission of the manslaughter. She was sentenced to 22 years in state prison in accordance with her plea agreement.

In 2018, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) to amend " 'the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Gentile* (2020) 10 Cal.5th 830, 842.) The bill also "added [former] section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief." (*Id.* at p. 843.)

In 2019, petitioner filed a request for resentencing pursuant to section 1172.6, seeking to have her manslaughter conviction vacated and to be resentenced. At that time, section 1172.6 did not expressly permit resentencing on convictions for manslaughter (see former § 1170.95, subd. (a)), and the trial court summarily denied the request

---

[2] Although petitioner included her request to incorporate by reference arguments raised in her reply to the preliminary opposition within the body of her traverse, we shall treat the request as a request for judicial notice and grant it.

without appointing counsel or giving the parties the opportunity to file additional briefing. Petitioner appealed, and while the appeal was pending, the Governor signed Senate Bill No. 775 (2021-2022 Reg. Sess.), which amended section 1172.6 to include defendants who were convicted of manslaughter and accepted a plea in lieu of a trial in which the defendants could have been convicted of murder or attempted murder. (Stats. 2021, ch. 551, § 2.) (*People v. Torres* (Apr. 19, 2022, C091087) [nonpub. opn.].) Accordingly, we reversed the trial court's order denying petitioner's request for resentencing and remanded with directions to appoint counsel for petitioner and conduct further proceedings consistent with section 1172.6, subdivision (c), and if the trial court issued an order to show cause, to conduct further proceedings in accordance with section 1172.6, subdivision (d). (*Torres, supra*, C091087.)

On remand, the case was assigned to Judge George J. Abdallah, Jr., the judge who took petitioner's plea, originally sentenced her, and initially summarily denied her section 1172.6 request for resentencing. Petitioner immediately challenged Judge Abdallah pursuant to Code of Civil Procedure section 170.6, arguing such challenge was proper because it followed the reversal of Judge Abdallah's denial of her request for resentencing pursuant to section 1172.6, and the "further proceedings" contemplated by our order on remand were tantamount to a "new trial." (See Code Civ. Proc., § 170.6, subd. (a)(2).) Judge Abdallah permitted the challenge, and the case was transferred to Judge Lauren P. Thomasson.

Ultimately, the challenge was reconsidered and denied, with the explanation that conducting "further proceedings" pursuant to section 1172.6 on remand did not constitute conducting a new trial, but rather conducting a resentencing in the same matter; thus, Code of Civil Procedure section 170.6 did not permit petitioner's challenge. In her analysis of the propriety of the challenge, Judge Thomasson also orally referenced section 1172.6, subdivision (b)(1), which provides that "[i]f the judge that originally sentenced the petitioner is not available to resentence the petitioner, the presiding judge

4

shall designate another judge to rule on the petition," and concluded that statute required the "matters go back to the . . . sentencing court."[3]

Petitioner then filed a petition for writ of mandate with this court, and we issued an order to show cause on January 9, 2023. The case was fully briefed on February 17, 2023, and assigned to this panel shortly thereafter.

Roughly one week before oral argument in this case, the Attorney General submitted a letter purporting to withdraw his opposition to the petition "[d]ue to procedural considerations unique to this case," while standing by the arguments set forth in his return to the order to show cause. The Attorney General based his decision on the district attorney's failure to seek writ relief in this court within 10 days of Judge Abdallah's order granting the challenge as provided for in subdivision (d) of section 170.3 of the Code of Civil Procedure, and the Attorney General's apparent belief that writ review was the only avenue for relief. As a result, the Attorney General concluded the trial court lacked the authority to reconsider Judge Abdallah's order granting petitioner's challenge. At oral argument, petitioner agreed the trial court lacked the authority to reconsider Judge Abdallah's order but acknowledged she had not raised the issue in her petition. She argued, through counsel, that should this court find she forfeited the issue by failing to raise it in her petition, the court should nevertheless reach it to avoid an ineffective assistance of counsel claim.

Following oral argument, this court vacated submission of the case and requested the parties submit supplemental letter briefs addressing Judge Thomasson's actions in

---

[3] As we later discuss, the parties differ in their interpretations of under what circumstances the challenge was reconsidered and denied. Petitioner assumes that Judge Thomasson reconsidered and denied Judge Abdallah's order granting the challenge. The Attorney General reads the record as reflecting that Judge Thomasson did not reconsider Judge Abdallah's initial order, but instead sent the matter back to Judge Abdallah to reconsider it himself.

5

sending the case back to Judge Abdallah as well as any impact on subsequent proceedings resulting from the district attorney's failure to petition this court for a writ of mandate following Judge Abdallah's initial ruling granting petitioner's Code of Civil Procedure section 170.6 challenge. We also directed the parties to discuss *Geddes v. Superior Court* (2005) 126 Cal.App.4th 417 (*Geddes*), which, as we next explain, we follow and find dispositive on both late-breaking issues. We timely received the parties' briefing and the case was resubmitted on July 18, 2023.

## DISCUSSION

Petitioner seeks a writ directing the trial court to vacate its order denying her peremptory challenge of Judge Abdallah and to issue a new order granting the challenge. She claims she is entitled to the relief she seeks because "the upcoming section 1172.6 proceeding—after an appellate reversal—qualifies as a 'new trial' for [Code of Civil Procedure] section 170.6 purposes rather than a simple resentencing." The Attorney General responds with three overlapping arguments: First, that section 1172.6's "same judge rule" trumps any right petitioner may otherwise have to challenge Judge Abdallah under Code of Civil Procedure section 170.6; second, that petitioner's challenge was properly denied because this court's order remanding the matter for further proceedings pursuant to section 1172.6 did not constitute the granting of a new trial; and, third, the policy reason for allowing a party to challenge a judge pursuant to Code of Civil Procedure section 170.6 following reversal on appeal does not apply to the instant situation.

As we have explained *ante*, we are also now tasked with deciding the propriety of Judge Thomasson's actions in sending the case back to Judge Abdallah as well as what impact, if any, the district attorney's failure to seek a writ of mandate following Judge Abdallah's initial ruling granting petitioner's challenge had on subsequent proceedings. Petitioner claims Judge Thomasson lacked the authority to reconsider Judge Abdallah's order, and that the sole means of reviewing the denial or grant of a Code of Civil

6

Procedure section 170.6 challenge is by writ of mandate. Because the district attorney failed to seek such relief following Judge Abdallah's initial ruling, petitioner contends the People forfeited their right to argue the ruling was incorrect.

The Attorney General asserts that Judge Thomasson had the inherent authority to reconsider Judge Abdallah's initial ruling, that a writ of mandate is not the exclusive means to review the actions of a disqualified judge, and that the district attorney's failure to challenge the initial ruling via writ does not preclude the People from arguing the ruling was incorrect. Unlike petitioner, however, the Attorney General reads the record as reflecting that Judge Thomason did not reconsider Judge Abdallah's initial order, but instead sent the matter back to Judge Abdallah to reconsider it himself, which the Attorney General claims was error. Accordingly, he argues this court should grant the petition for writ of mandate, vacate Judge Abdallah's disqualification, and order the matter be assigned to Judge Abdallah. The Attorney General does not assert petitioner has forfeited any arguments by failing to raise them in her petition.

We review the trial court's ruling on the Code of Civil Procedure section 170.6 challenge *de novo*. (*Andrew M. v. Superior Court* (2020) 43 Cal.App.5th 1116, 1124.) The relevant facts are undisputed, and we are tasked with interpreting two statutes and their interplay, if any; thus, our review concerns only questions of law. (*Ibid*.) "De novo review is appropriate for the additional reason that 'trial courts have no discretion to deny a [Code of Civil Procedure] section 170.6 motion filed in compliance with the statute's procedures.' As a result, 'it is "appropriate to review a decision granting or denying a . . . challenge under [Code of Civil Procedure] section 170.6 as an error of law." ' " (*Ibid.*)

We first dispense with the arguments raised after the initial briefing was submitted. As we will explain, we conclude this matter is properly before us in its current presentation. We next address the question of whether the proceedings contemplated by our earlier remand constitute a "new trial" under the relevant statutory scheme and caselaw; we conclude that they do not. We then discuss the language in

7

section 1172.6 regarding assignment to the same judge and the parties' arguments regarding policy and find that the analyses of these factors also weigh in favor of our conclusion that petitioner's Code of Civil Procedure section 170.6 challenge was untimely because the contemplated proceedings on remand--reevaluating petitioner's request for resentencing based on updates to the relevant law--do not amount to a "new trial." We conclude that the challenge was properly denied as untimely.

I

*Trial Court's Procedure in Adjudicating Petitioner's Challenge*

*and Subsequent Happenings*

As outlined *ante*, we first address the effect (if any) of the happenings in the trial court that resulted in the ultimate denial of petitioner's challenge to Judge Abdallah. We begin with the parties' disagreement over who reconsidered Judge Abdallah's order granting the challenge and denied it. As the Attorney General correctly notes, there is no formal order denying the challenge in the record. After receiving the case on transfer on September 12, 2022, Judge Thomasson set the matter for "further proceedings" on October 3, 2022. According to the minute order from that hearing, Judge Thomasson "addressed 170.6 filed by [petitioner] against Judge Abdallah" and set the matter for a hearing on "Request for Resentencing/Modification; SB 1437 Prima Facie Hearing Setting" for October 10, 2022.

A transcript of the October 10, 2022, hearing before Judge Thomasson reflects that at the outset, Judge Thomasson advised the parties, "[T]his matter . . . was in court last week, and it did come here. [Petitioner's counsel] had filed a 170.6. I talked to [petitioner's counsel] about that. I talked to Judge Abdallah about that because the law indicates that it needs to go back." She explained, "I looked at the law and determined this is not a new trial. It is a resentencing. . . . [¶] Because it is not a new trial, because it is a resentencing in the same matter . . . the Court is going to send the matter back to Judge Abdallah."

8

Petitioner's counsel objected, asserting, "in essence, this Court [is] overruling Judge Abdallah's initial ruling back on September 12th of this year." Judge Thomasson responded in relevant part, "And the Court did not overrule Judge Abdallah, the Court gave Judge Abdallah additional authority to look at, and on that basis, Judge Abdallah indicated he would be willing to take the case back." "So over the objection of the defense, I am sending the matter back to [Judge Abdallah]."

Although Judge Thomasson denied "overruling" Judge Abdallah's initial order, she nevertheless sent the case to him, over counsel's objection, after he had granted the challenge. By reassigning the matter to Judge Abdallah, Judge Thomasson necessarily reconsidered Judge Abdallah's order granting the challenge and then denied the challenge, sending the case back to Judge Abdallah. Although Judge Abdallah apparently indicated he was "willing to take the case back" during off the record discussions with Judge Thomasson, it was Judge Thomasson who ordered the matter returned to him over petitioner's objection. As we next explain, this reconsideration was not error.

We first discuss *Geddes, supra*, 126 Cal.App.4th 417, as we find it to be on point to all aspects of the analysis that we are called upon to undertake here. In *Geddes*, the petitioner sought to challenge Judge Jon Mayeda pursuant to section 170.6 of the Code of Civil Procedure after the court of appeal reversed a summary judgment order Judge Mayeda had entered against petitioner due to Judge Mayeda's failure to provide a statement of reasons and supporting evidence. (*Geddes*, at pp. 421-422.) Judge Mayeda granted the challenge, and the case was reassigned to a second judge. (*Ibid*.) Thereafter, the real parties in interest moved to vacate the reassignment, arguing the petitioner was not entitled to exercise a challenge pursuant to Code of Civil Procedure section 170.6, because the case was remanded for performance of a ministerial act rather than a new trial. (*Id.* at p. 422.) The second judge found she lacked jurisdiction to reconsider an order of another judge, and the matter was transferred back to Judge Mayeda to

9

reconsider his prior ruling. (*Id*. at pp. 422-423.) After rejecting the petitioner's claim that he could not reconsider his prior ruling, Judge Mayeda vacated the order granting the challenge. (*Id*. at p. 423.)

The petitioner sought a writ of mandate compelling the trial court to vacate its order rescinding its grant of the petitioner's challenge. He argued: (1) he had the right to exercise a peremptory challenge because the remand order required the trial court to conduct a "new trial" within the meaning of section 170.6, subdivision (a)(2) of the Code of Civil Procedure; and (2) the trial court erred in transferring the matter back to Judge Mayeda because he lacked jurisdiction to reconsider his previous order, and the only avenue for review of an erroneously granted challenge of this type is by writ. (*Geddes, supra*, 126 Cal.App.4th at p. 423.)

After concluding the petitioner was not entitled to file a peremptory challenge against Judge Mayeda because the matter was not to be retried on remand (*Geddes, supra*, 126 Cal.App.4th at pp. 423-424), the appellate court turned to "the question of whether the matter was properly routed back to Judge Mayeda for his ultimate ruling, whether Judge Mayeda had the authority to reconsider his prior ruling on the [Code of Civil Procedure] section 170.6 motion, and the appropriate remedy given the procedural complexities of the case." (*Id*. at p. 425.) Before answering that question, the court observed: "Three conflicting principles led to the procedural puzzle confronting the trial court: the rule that one trial judge may not review the ruling of another; the trial court's inherent power to correct its own rulings; and the loss of an individual judge's authority to act on a case after the granting of a motion under section 170.6." (*Ibid*.)

The *Geddes* court acknowledged the general rule that one trial judge may not review the ruling of another but noted this principle does not apply where the original judge is " 'unavailable.' " (*Geddes, supra*, 126 Cal.App.4th at pp. 425-426, citing *Ziller Electronics Lab GmbH v. Superior Court* (1988) 206 Cal.App.3d 1222, 1232.) The court explained, "Where a judge has been disqualified, the newly assigned judge may review

10

the ruling of the disqualified judge because the disqualified judge, having no authority to rule, is 'unavailable.' " (*Geddes,* at p. 426.) "[B]ecause the statute requires urgent action and his disqualification was immediately effective," the court concluded Judge Mayeda "lost the power to reconsider his own order under [Code of Civil Procedure] section 1008," and was thus unavailable. (*Ibid.*) The court also rejected the petitioner's argument that a writ petition is the exclusive method to review the actions of a disqualified judge, finding "[t]he inherent authority vested in the trial court to reconsider its own rulings [citations] allows the court, in these circumstances, to correct the error even where, as here, the original judge had no authority to vacate the erroneously granted order." (*Ibid.*; see also *Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1105, 1108.) Finally, while the court found "the appropriate procedure in this case would have been for [the second judge] to consider on the merits of the motion for reconsideration and on the record before her, to grant it," it declined to remand the matter with instructions to do so because further delaying the matter would not serve the interests of the parties or the trial court. (*Geddes*, at p. 427.) Instead, the court granted the petition for writ of mandate, vacated the disqualification, and directed that on remand the matter be assigned to Judge Mayeda.

As discussed in *Geddes*, here Judge Thomasson had the inherent authority to review Judge Abdallah's ruling, because Judge Abdallah was *unavailable* once he granted the challenge aimed at him. (*Geddes, supra,* 126 Cal.App.4th at pp. 425-426.) The district attorney's failure to challenge Judge Abdallah's order by writ was of no consequence because writ review is not the exclusive method to review the actions of a challenged judge. (*Id.* at p. 426.) We agree with the Attorney General that, while the People may have been foreclosed from challenging Judge Abdallah's initial ruling following the expiration of the 10-day period for bringing a writ, the fact that they did not initially challenge the ruling had no impact on the court's inherent authority to reconsider its own ruling. (*Id.* at 426; see also *Le Francois v. Goel, supra,* 35 Cal.4th at pp. 1105,

11

1108.)  The inherent authority vested in the trial court to reconsider its own rulings, coupled with Judge Abdallah's unavailability, allowed Judge Thomasson to correct the error under the specific circumstances present here.  (*Geddes*, at p. 426.)

We have considered petitioner's claims that *Geddes* is wrongly decided and distinguishable and find them unpersuasive.  Petitioner first claims the reasoning of *Geddes* is flawed because it ignores the rule in Code of Civil Procedure section 170.4, subdivision (b), that "if a statement of disqualification is untimely filed or if on its face it discloses no legal grounds for disqualification, the trial judge against whom it was filed may order it stricken."  Petitioner appears to argue that because Judge Abdallah had the opportunity to order the challenge stricken at the time it was brought and failed to do so, that failure somehow deprived Judge Thomasson of the ability to reconsider Judge Abdallah's order granting the challenge.  Assuming for the sake of argument that this subdivision applies to peremptory challenges brought pursuant to Code of Civil Procedure section 170.6, and assuming Judge Abdallah *could* have stricken petitioner's peremptory challenge (with or without first ruling on it), we fail to see how that assumed ability impacted *Judge Thomasson's* authority to act.  Although Judge Abdallah *may* have been able to order the challenge stricken, he did not.  He granted the challenge.  Once he had granted it, he was "unavailable" to reconsider it.

Petitioner next complains that *Geddes* allows a second trial court judge to "act as a one-judge court."  This argument ignores the *exception* to the general rule cited by *Geddes* for situations where, as here, the first judge is *unavailable*.  Petitioner also warns that "adopting the *Geddes* rule generally would create massive uncertainty . . . because if it were adopted generally, a different judge months or years later could question whether a judge was in fact properly disqualified under [Code of Civil Procedure] section 170.6, and sua sponte . . . effectively create relitigation of the disqualification issue for the entire life of the case."  As the Attorney General notes in his supplemental reply, *Geddes* was decided in 2005, and there does not appear to have been "massive uncertainty" resulting

12

therefrom. Nor does petitioner cite a case where a judge reconsidered a ruling on peremptory challenge months or years later. Moreover, the exception to the general rule that one judge may not reconsider the ruling of another is limited to situations where the first judge is unavailable.

Petitioner relies on *Micro/Vest Corp. v. Superior Court* (1984) 150 Cal.App.3d 1085 (*Micro/Vest*) for the proposition that one trial court judge cannot reconsider the ruling of another, but that reliance is misplaced. In *Micro/Vest*, the real parties in interest filed a peremptory challenge to Judge Kroninger, which he denied as untimely, and the following day he denied real parties' motion for partial summary judgment. (*Id.* at p. 1088.) Real parties brought a writ challenging the summary judgment ruling but did not challenge the denial of their peremptory challenge. (*Ibid.*) The court of appeal denied the petition. In the meantime, real parties filed another peremptory challenge, not asking Judge Kroninger to reconsider his timeliness ruling, but only seeking to prevent him from hearing any further matters in the lawsuit. (*Ibid.*) Without ruling on the second challenge, Judge Kroninger recused himself, and the matter was assigned to a second judge. (*Id.* at pp. 1088-1089.) The real parties in interest then filed a motion to vacate Judge Kroninger's partial summary judgment ruling, arguing in part that he had erred in denying the first peremptory challenge as untimely. (*Id.* at p. 1089.) The second judge ruled the peremptory challenge had been timely, and thus, Judge Kroninger's partial summary judgment ruling was void. (*Ibid.*) The petitioners' petition for writ of mandate followed. (*Ibid.*)

In concluding the second judge exceeded his jurisdiction in reconsidering Judge Kroninger's ruling denying the peremptory challenge, the court of appeal observed, "Real parties in interest cite no authority for the proposition that more than one trial-level judge may rule on the same section 170.6 challenge." (*Micro/Vest, supra,* 150 Cal.App.3d at p. 1089.) The court explained, "If real parties were dissatisfied with Judge Kroninger's ruling on the timeliness question, it was incumbent upon them to ask Judge Kroninger to

reconsider his ruling or to challenge the ruling in an appellate court. They could not gain the right to take the question to a second trial-level judge merely by renewing the section 170.6 challenge against Judge Kroninger." (*Micro/Vest,* at p. 1090.)

*Micro/Vest* is distinguishable in at least two key respects. First, the court failed to recognize the unavailability exception to the general rule that one trial judge may not review another trial judge's ruling. Second, Judge Kroninger *denied* the initial section 170.6 motion; thus, he was *available* and could reconsider his *own* ruling at that point, which was not the case here.

In sum, we disagree that any errors in the procedure that unfolded in the superior court operated to preclude us from considering the instant writ petition on its merits. The claims and arguments made in the original writ petition are properly before this court. We proceed to consider those claims on their merits.

II

*Second Hearing on a Resentencing Request Under Section 1172.6 as the Equivalent of a New Trial*

We return to the question of whether remand for further resentencing proceedings held pursuant to section 1172.6 constitutes remand for a "new trial" as contemplated by Code of Civil Procedure section 170.6, subdivision (a)(2).

Code of Civil Procedure section 170.6 permits a party in a civil or criminal action to challenge an assigned trial judge based on a simple allegation the judge is prejudiced against the party. (See *Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1248-1249 (*Peracchi*).) The statute requires the challenge be brought early in the proceedings and declares that "[i]n no event shall a judge . . . entertain the motion if it is made . . . after trial of the cause has otherwise commenced." (Code Civ. Proc., § 170.6, subd. (a)(2); see also *Peracchi,* at p. 1252.) The statute also precludes a party from bringing a challenge after the assigned judge has decided a contested fact issue relating to the merits or the

14

party's side has already made such a motion. (Code Civ. Proc., § 170.6, subd. (a)(2), (4).)

"Case law has long established a further limitation, however. In some situations, that is, when a second action or special proceeding 'involves "substantially the same issues" ' and ' "matters necessarily relevant and material to the issues" ' in the original case, the second action or proceeding is considered a continuation of the earlier action or proceeding for purposes of [Code of Civil Procedure] section 170.6. [Citation.] When the second action or proceeding that is considered to be a continuation of the earlier action or proceeding is assigned to the same trial judge who presided over the earlier action, the litigants are not permitted to exercise a peremptory challenge against that judge: Such a motion is untimely because it was not made before commencement of the earlier trial. The reason for this further limitation on the right to peremptorily challenge a judge under [Code of Civil Procedure] section 170.6 is to prevent a litigant from disqualifying the judge most familiar with the facts of the case in the hopes of obtaining a more favorable result." (*Maas v. Superior Court* (2016) 1 Cal.5th 962, 979.)

In *People v. Barnfield* (1975) 52 Cal.App.3d 210 at page 215, the appellate court held that a challenge under Code of Civil Procedure section 170.6 was untimely where it was filed after the judge had accepted the defendant's plea bargain, suspended criminal proceedings, and placed the defendant on probation. The court reasoned, "Although [the defendant] did not have a full trial on the facts and issues in the criminal complaints, his plea bargain covered the same span of the judicial process," and "[t]he hearing on the revocation of probation cannot be considered separate from the original plea bargain proceedings." (*Barnfield*, at p. 215.) Conversely, in *Maas*, our Supreme Court held a peremptory challenge could be asserted prior to the issuance of an order to show cause in a habeas proceeding notwithstanding the fact that a trial on the merits had already occurred, "so long as all the procedural requirements of [Code of Civil Procedure] section 170.6 have been satisfied, *including the requirement that the assigned judge not have*

15

*participated in the petitioner's underlying criminal action*." (*Maas v. Superior Court, supra,* 1 Cal.5th at p. 970, italics added.) Had the judge participated in the underlying criminal action, the challenge would have been untimely, as it was not brought prior to the start of the original action. (*Id.* at pp. 979-980.)

"Historically, a challenge could not be filed for the first time after a reviewing court remanded the matter to the trial court." (*Peracchi*, *supra*, 30 Cal.4th at p. 1249.) In 1985, however, the Legislature amended Code of Civil Procedure section 170.6, subdivision (a)(2) (formerly section 170.6, subdivision (2)) to add the exception to the timeliness requirements at issue here, that the challenge could properly be brought following reversal on appeal of the judge's decision or final judgment if that same judge was then "assigned to conduct a *new trial* on the matter." (Italics added.)

Petitioner appears to acknowledge that absent the 1985 amendment to Code of Civil Procedure section 170.6, subdivision (a)(2) her challenge would be untimely, as it was brought after the trial court accepted her guilty plea and sentenced her in accordance with her plea agreement. She argues, however, that her challenge was proper because it falls within the "statutory exception" added in 1985. She claims that "substantively, a section 1172.6 proceeding resembles a trial and has as high of a stake as a trial, and therefore a new section 1172.6 proceeding after an appellate reversal should be treated as a new trial for [Code of Civil Procedure] section 170.6 purposes." As we next explain, we disagree.

The " 'fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law.' [Citation.] As with any question of statutory interpretation, the best indication of legislative intent appears in the language of the enactment. [Citation.] Further, 'we do not construe statutes in isolation, but rather read every statute "with reference to the entire scheme of law of which it is a part so that the whole may be harmonized and retain effectiveness." ' " (*Peracchi*, *supra*, 30 Cal.4th at p. 1253.)

The term "new trial" is not defined in Code of Civil Procedure section 170.6. However, in *Peracchi*, our Supreme Court considered the meaning of the term in connection with a challenge to that code section. (*Peracchi, supra*, 30 Cal.4th at p. 1253.) Peracchi had appealed his convictions for reckless driving while evading a peace officer and being a felon in possession of a firearm. (*Id.* at p. 1249.) The Court of Appeal had reversed one of multiple counts of conviction and remanded the matter for retrial on that count, if the prosecutor so elected, and for resentencing. (*Id.* at p. 1250.) On remand, the case was assigned to the judge who presided at trial, and Peracchi challenged that judge under Code of Civil Procedure section 170.6. (*Peracchi*, at p. 1250.) The judge announced that if the prosecution elected to retry the reversed count, the challenge would be allowed, but if the prosecution elected not to retry the reversed count, it would not. (*Ibid.*) When the prosecutor indicated the count would not be retried, the judge denied the challenge and set the matter for resentencing. (*Ibid.*) Peracchi filed a petition for writ of mandate, arguing the judge should have been disqualified from presiding over the resentencing. (*Ibid.*) Our Supreme Court disagreed. (*Ibid.*)

To determine the meaning of the statutory term "new trial" in the context of a criminal proceeding, our high court looked to the Penal Code. (*Peracchi*, *supra*, 30 Cal.4th at pp. 1253, 1261 [finding the Legislature intended the term "new trial" be applied for disqualification purposes in criminal cases as the term is defined in the Penal Code].) Specifically, it looked to section 1179, which defines a "new trial" as "a reexamination of the issue in the same court, before another jury, after a verdict has been given," and section 1180, which explains that "[t]he granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict or finding cannot be used or referred to, either in evidence or in argument." (*Peracchi*, at p. 1253.) Noting the remand order "call[ed] for a new trial *if* the prosecutor determine[d] to retry the reversed count or, in the *alternative*,

17

that call[ed] simply for a resentencing in the event the prosecutor decide[d] not to retry the reversed count," the court concluded, "[s]uch a routine order remanding for resentencing does not necessarily operate even to vacate the original sentence, let alone constitute an order for a new trial--that is, a proceeding at which 'the parties [are] in the same position as if no trial had been had' and in which '[a]ll the testimony must be produced anew.' (Pen. Code, § 1180.)" (*Id.* at p. 1255.) The court explained that a "remand for resentencing--a limited order that does not disturb the verdict or even necessarily disturb the judgment and the sentence previously pronounced--is merely one among several alternatives to the granting of a new trial and does not itself constitute the granting of a new trial. [¶] Moreover, once an actual new trial is granted, such constitutional issues as the defendant's right to trial by jury, to proof beyond a reasonable doubt, and to the protection of the double jeopardy clause are implicated." (*Id.* at pp. 1255-1256.) The court further reasoned, "[U]nlike the situation in which a new trial is ordered, when resentencing is all that is required, the parties are not placed in the same position as if there had been no trial. The criminal charges need not be refiled. The parties at an ordinary resentencing hearing do not, as Penal Code section 1180 provides regarding the granting of a new trial, proffer new evidence on the issues decided by the verdict, nor does the court disregard the original verdict. Rather, unlike the situation of a new trial, where a resentencing hearing is ordered the original trial judge is in the best position to preside, because [they] must exercise sentencing discretion on the basis of the preexisting trial record and verdict." (*Id.* at p. 1257.)

We do not disagree that, as petitioner points out, there are potentially significant differences between a resentencing hearing like that at issue in *Peracchi* and the further proceedings contemplated by our order on remand. Petitioner's case was remanded for further proceedings consistent with section 1172.6, subdivision (c), and if necessary, section 1172.6, subdivision (d). (*Torres*, *supra*, C091087.) Under section 1172.6, subdivision (c), the court is required to review the petition to determine if the petitioner

18

has made a prima facie showing that the petitioner is entitled to relief, and if the court determines the petitioner has made the requisite showing, it must issue an order to show cause. Section 1172.6, subdivision (d) sets forth the procedure should an order to show cause issue. Subdivision (d)(1) requires the court hold a hearing "to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1172.6, subd. (d)(1).) Subdivision (d)(2) allows the parties to "waive a resentencing hearing and stipulate that the petitioner is eligible to have the [prior] conviction vacated and to be resentenced" and requires the court vacate the petitioner's conviction and resentence the petitioner "[i]f there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony." (§ 1172.6, subd. (d)(2).) Finally, subdivision (d)(3) describes the hearing itself, providing in relevant part: "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under [current law]. The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. . . . The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens." (§ 1172.6, subd. (d)(3).)

As set forth *ante*, unlike the resentencing at issue in *Peracchi*, should there be a hearing under section 1172.6, subdivision (d)(3), petitioner's guilt must be proven beyond a reasonable doubt, the parties may proffer new evidence to meet their respective burdens, and if the prosecution fails to sustain its burden, the verdict will be disturbed

19

because the court will be required to vacate petitioner's manslaughter conviction and resentence her on the remaining robbery charge. (§ 1172.6, subd. (d)(3).) While a hearing under section 1172.6, subdivision (d)(3) more closely resembles a trial than did the resentencing at issue in *Peracchi*, it does not necessarily follow that the instant hearing is properly classified as a new trial within the meaning of Code of Civil Procedure section 170.6.

Unlike the parties to a new trial, the parties to a section 1172.6, subdivision (d)(3) hearing are not placed in the same situation as if there had never been a trial. The criminal charges need not be refiled, and petitioner's right to a trial by jury and the double jeopardy clause are not implicated. (See *Peracchi*, *supra*, 30 Cal.4th at p. 1257; § 1172.6, subd. (d)(3).) Although the parties may offer new or additional evidence, they are not required to produce evidence previously presented at the trial. (*Peracchi*, at p. 1257.) Nor are they foreclosed from referring to the jury's verdicts or findings, unlike the situation where a new trial is granted in a criminal case. (§§ 1172.6, 1180.) Indeed, here the trial court is bound by certain findings previously made. (See § 1172.6, subd. (d)(2).) The trial court also may consider the evidence previously admitted, so long as it is admissible under current law, as well as the procedural history recited in any prior appellate opinion. (§ 1172.6, subd. (d)(3).)

We are mindful that should a section 1172.6, subdivision (d)(3) hearing be conducted in petitioner's case, the People would likely present evidence, as petitioner's conviction and sentence were based on a plea agreement. But petitioner does not argue the authority to exercise a Code of Civil Procedure section 170.6 challenge should hinge upon a case-by-case analysis of the amount of new evidence or factfinding that will be required in a particular proceeding (cf. *Peracchi*, *supra*, 30 Cal.4th at p. 1260), and we cannot see how that would be a workable rule. As in *Peracchi*, our conclusion that resentencings under section 1172.6, which are returned to the same trial judge after reversal and remand, are not "new trials" as required to bring the challenge contemplated

20

here (Code Civ. Proc., § 170.6) "avoids the obvious practical difficulties that would be imposed by . . . a mandatory case-by-case analysis of the question whether a particular [section 1172.6 proceeding] on remand will involve [the introduction of new evidence or extensive fact finding] sufficient to qualify the proceeding as a new trial within the meaning of [Code of Civil Procedure] section 170.6." (*Peracchi,* at p. 1263.)

Because the proceedings contemplated by our order on remand do not constitute a "new trial" within the meaning of the relevant statutory scheme, petitioner's challenge to Judge Abdallah was properly denied as untimely. Our conclusion is bolstered by *Estrada v. Superior Court* (2023) 93 Cal.App.5th 915, issued while this case was under submission. Relying on *Peracchi*, the court held that "the hearing required in Penal Code section 1172.6, subdivision (d)(3), after reversal and remand, is not a 'new trial' within the meaning of section 170.6, subdivision (a)(2)." (*Id.* at p. 917.)

III

*Relevant Language of Section 1172.6 and Related Policy Observations*

We next address the language in section 1172.6 regarding assignment to the same judge and the parties' arguments regarding policy. We conclude that the analyses of these factors also weigh in favor of our conclusion that petitioner's peremptory challenge of Judge Abdallah was untimely because the contemplated proceedings on remand-- reevaluating petitioner's request for resentencing--do not constitute a new trial under the analysis just outlined.

A. *Section 1172.6 and its "same judge rule"*

Section 1172.6, subdivision (b)(1) provides that "the petition shall be filed with the court that sentenced the petitioner" and "[i]f the judge that [*sic*] originally sentenced the petitioner is not available to resentence the petitioner, the presiding judge shall designate another judge to rule on the petition." Case law has interpreted this statutory language to require the judge who originally sentenced the petitioner to rule on the

21

petition unless that judge is unavailable. (See *People v. Santos* (2020) 53 Cal.App.5th 467, 472.)

The Attorney General contends "the more specific section 1172.6, subdivision (b)(1), which requires resentencing proceedings be heard by the judge that [*sic*] originally sentenced the petitioner unless that judge is unavailable, conflicts with and prevails over the more general Code of Civil Procedure section 170.6, which could otherwise permit disqualification of that judge." In support of this contention, the Attorney General cites to our Supreme Court's decision in *People v. Superior Court* (*Jimenez*) (2002) 28 Cal.4th 798 at page 801 (*Jimenez*), which holds that a prosecutor cannot render a judge unavailable to rehear a motion to suppress by challenging that judge under Code of Civil Procedure section 170.6. Petitioner responds that *Jimenez* is distinguishable.

We agree that *Jimenez* is distinguishable, and we decline to hold that the same judge requirement in section 1172.6 trumps Code of Civil Procedure section 170.6. We note, however, that the inclusion of that requirement in section 1172.6 supports our conclusion that the proceedings contemplated by our order on remand do *not* constitute a new trial for purposes Code of Civil Procedure section 170.6, as we next explain.

*Jimenez* concerned section 1538.5. Subdivision (j) of that section provides that when a felony case is dismissed because a magistrate or court grants a motion to suppress evidence, the prosecution may refile the case and relitigate the suppression motion, and subdivision (p) requires that the relitigated motion "be heard by the same judge who granted the motion at the first hearing if the judge is available." The defendant in *Jimenez* was charged with possession of cocaine, and his case was dismissed after the trial court granted his motion to suppress. (*Jimenez, supra*, 28 Cal.4th at pp. 801-802.) The prosecutor refiled the case, and the defendant again moved to suppress. (*Id.* at p. 802.) When the motion was assigned to the judge who granted the first motion to suppress, the prosecutor challenged that judge under Code of Civil Procedure section 170.6, and the judge accepted the challenge. (*Jimenez,* at p. 802.) The Court of Appeal

22

denied the defendant's petition for writ of mandate, holding that a judge who has been peremptorily challenged under Code of Civil Procedure section 170.6 is not available to hear a new suppression motion. (*Jimenez*, at p. 802.) Our Supreme Court reversed, concluding, "To allow the prosecution to peremptorily challenge the judge . . . who decided the first suppression motion would sanction the forum shopping the Legislature prohibited when it enacted [] section 1538.5, subdivision (p)" (*id.* at p. 801) and noting its conclusion was bolstered by the "well settled rule" that " ' " 'a general [statutory] provision is controlled by one that is special, the latter being treated as an exception to the former.' " ' " (*Id.* at p. 808.)

Unlike section 1538.5, section 1172.6 does not contemplate the "relitigation" of a previously denied petition, let alone provide that the judge who previously denied the petition must rehear it, if available. Rather, section 1172.6 contemplates the filing of "a petition with the court that sentenced the petitioner" and requires that it be ruled on by the judge who originally sentenced the petitioner, if available. (§ 1172.6, subds. (a), (b)(1).) Thus, the language of section 1172.6 and the reasoning of *Jimenez* do not together support the conclusion urged by the Attorney General--that a party cannot render the original sentencing judge unavailable to rule on a petition that judge previously denied, following reversal and remand for further proceedings under section 1172.6.

However, the same judge rule within section 1172.6 is not without relevance to the issue before us. To the contrary, the Legislature's inclusion of the same judge rule in section 1172.6 suggests the Legislature did not consider proceedings under that section to constitute a new trial for purposes of Code of Civil Procedure section 170.6. The same judge rule ensures that a judge already familiar with the relevant facts, evidence, and law consider whatever new or additional evidence or arguments the parties make in determining the petitioner's entitled to relief under section 1172.6. (See *People v. Santos*, *supra*, 53 Cal.App.5th at p. 474.) Had the Legislature considered proceedings under section 1172.6 to constitute a new trial, where the parties are in the same position

23

as if no trial had occurred and all testimony must be produced anew, it is unlikely it would have included the same judge rule, as the utility of requiring the original sentencing judge preside over and rule on the petition would be greatly diminished. (*Peracchi*, *supra*, 30 Cal.4th at p. 1257.)

B. *Additional policy concerns and considerations*

Finally, petitioner argues "the same policy reasons that called for a [Code of Civil Procedure] section 170.6 motion to be available against the trial court after a reversal . . . also call for the . . . motion to be available against [Judge Abdallah] in this case." The "new trial" exception was added to Code of Civil Procedure section 170.6, subdivision (a)(2) to address concerns that a judge who had been reversed might be biased against the party who successfully appealed the judge's erroneous ruling. (See *Mendoza v. Superior Court* (2021) 65 Cal.App.5th 988, 996.) Petitioner claims the potential for bias exists here even though the trial court's decision was reversed due to a change in the law, not legal error. According to petitioner, "the fact that [Judge Abdallah] was correct arguably makes it more likely that he will be biased, if only unconsciously, based on the fact that he was reversed notwithstanding the fact that he committed no error at the time of the order."

Even assuming for argument's sake that Judge Abdallah might possibly harbor some unconscious bias against petitioner for successfully appealing the denial of his request for resentencing, it does not follow that the Legislature intended a peremptory challenge to be available in situations such as this. As our high court explained in *Peracchi*, "The legislative history of the 1985 enactment does not support the assertion that the Legislature intended to permit a [Code of Civil Procedure] section 170.6 challenge at *any* hearing on remand in a criminal case that calls for the exercise of trial court discretion." (*Peracchi*, *supra*, 30 Cal.4th at pp. 1261-1262.) "Protecting parties from the bias that a trial judge might exhibit after a reversal is a laudable goal, but one that does not take precedence over every other element of a fair trial." (*Id*. at p. 1262;

24

accord, *Geddes*, *supra*, 126 Cal.App.4th at pp. 424-425; *Estrada v. Superior Court, supra,* 93 Cal.App.5th at pp. 926-927.) Thus, the relevant policy considerations do not weigh against our decision that remand for further section 1172.6 proceedings is not a new trial.[4]

Because the Legislature plainly intended the timeliness exception at issue here to be limited to situations where the original trial judge is assigned to conduct a *new trial*, and we have determined that our order remanding the matter for further proceedings pursuant to section 1172.6 does not constitute remand for a new trial, petitioner's arguments fail to persuade.

## DISPOSITION

The petition for writ of mandate or prohibition is denied.

/s/
Duarte, J.

We concur:

/s/
Mauro, Acting P.J.

/s/
Krause, J.

---

[4] To the extent petitioner claims that a person aware of the facts might reasonably entertain doubt that Judge Abdallah would be able to be impartial, she is not without a potential remedy. (See Code Civ. Proc., § 170.1, subd. (a)(6)(A)(iii).)

25